HENRY G. DAVIS, and others, trading as DAVIS BRO-
THERS, use of MICHAEL KALBAUGH *vs.* ANDREW
B. SHAW, and others.

DAVID DAVIS, use of MICHAEL KALBAUGH *vs.* ANDREW
B. SHAW, and others.

*Question of Identity of claims described in a Deed for the benefit
of Creditors—Admissibility of Parol evidence to correct a Mis-
description in one of such claims.*

A preferred claim mentioned in a deed of trust for the benefit of creditors,
dated in March, 1870, was described as, "two notes to D. Bros. of Piedmont,
one for the sum of $550, and the other for $300," each stated to be endorsed
by certain named parties. In the distribution by the auditor of the funds
realized under this deed, an allowance under the above preference was made
to "D. Bros. on their note dated April 12th, 1871, for $700." HELD:

That in the absence of any attempt or offer made to show the identity of this
note, or its connection in any way by part renewal or otherwise, with the
two notes mentioned in the deed, the allowance was erroneous.

Another claim preferred by said deed, was therein described as, "the sum of
$500 to J. T. for which he now holds my note endorsed by J. H. J., J. B.
H., and C. S." The instrument produced by J. T. before the auditor in
support of his claim, was a single bill payable to J. S. T. on demand, signed
and sealed by the grantor in the deed and the above three named endorsers,
as joint makers or obligors, bearing a date prior to that of the deed. Parol
proof was offered in support of the claim, which clearly established the
identity of the claimant with the J. T. named in the deed, that this was the
only debt the grantor in the deed ever owed him, that he held the obligation
at the date of the deed, and that the other three parties were sureties thereon
for the grantor. HELD:

That this evidence was admissible and satisfactorily proved, that said claim
was the one intended by the grantor to be provided for in the deed of
trust, and that it was the only one to which the description contained in
that instrument could apply.

Davis, *et al. vs.* Shaw, *et al.*

APPEALS from the Circuit Court for Allegany County, in Equity.

The appeal of Davis Brothers was taken from the order of the Circuit Court, (MOTTER, J.,) dated the 14th of February, 1873, rejecting their claim, which was allowed its distributive share out of the trust fund in the cause, by the auditor's first account; and from the order of said Court of the 6th of November, 1873, finally ratifying the auditor's second account which disallowed said claim. The appeal of David Davis was taken from the same order of the 6th of November, 1873, by which the claim of John S. Thrush, to which he had excepted, was allowed. The facts of the case are sufficiently stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, BOWIE, BRENT, GRASON and MILLER, J.

*William Brace, Jr.,* for the appellants.

No appearance for the appellees.

MILLER, J., delivered the opinion of the Court.

It appears from this record, that in March, 1870, Jacob W. Rizer, executed a deed of trust for the benefit of his creditors. The deed directs the trustee to apply the proceeds of sale to pay : 1st, all costs and charges of sale. 2nd. The claim of A. B. Shaw for a balance of $1200, due as purchase money on the real estate conveyed. 3rd. "The sum of $500 to John Thrush, for which he now holds my *note,* endorsed by James H. Johnson, and J. B. Heironimus and Charles Stottler. 4th. Two notes to Davis & Bros. of Piedmont, one for the sum of $550, and the other for $300, which are endorsed by Joseph Hendrickson and Thomas Paxton on the first, and the other endorsed by Joseph Hendrickson and Wm. H. Miller." 5th. "A

note now held by Wesley Dawson, for the sum of $500, on which Henry Wilson is endorser.'' 6th. '' To pay David Davis the sum of $808, for which I have given my promissory note.'' 7th. Then if there is any balance, it shall be distributed to other creditors, *pro rata.* The proceeds of sale which were distributed under the direction of the Court below, proved insufficient to pay all the preferred creditors, and a careful examination of the proceedings after the fund was brought into Court for distribution, shows that the only question raised by these appeals are :

1st. Was there error in that part of the Court's opinion and order of February, 1873, which sustains the exception to the auditor's first account, in so far as it allows a distribution to the note filed by Davis Bros.? and

2nd. Was there error in the auditor's second and final account, which was ratified by the Court's order of November, 1873, in so far as it allows the claim of John S. Thrush ?

1st. As respects the first question, there is no difficulty whatever. The debt due to Davis Bros. as described and provided for in the deed is on two notes, one for $550 and the other for $300, each endorsed by certain named parties. The distribution by the audit, is to '' Davis Bros. on their note dated April 12th, 1871, for $700.'' This is one note for a different sum, executed more than a year after the date of the deed of trust; and there was no attempt or offer made to show its identity, or connection in any way, by part renewal or otherwise, with the two notes mentioned in the deed. For aught that appears or was attempted to be shown, it was a subsequent, separate and independent debt, not secured by the deed, and there was clearly no error in refusing to allow it to share in the distribution of this fund.

2nd. The deed provides that John Thrush shall be paid '' *the sum of* $500 '' for which '' he *now holds my note*

*endorsed"* by three named persons. The instrument pro-
duced instead of being a promissory note is technically a
single bill, payable to John S. Thrush on demand, signed
and sealed by Rizer and the three named parties as joint
makers or obligors. It is however for the same sum, and
bears date the 6th of February, 1868, prior to the deed.
Parol proof was then offered in support of the claim which
clearly establishes the identity of the claimant with the
John Thrush named in the deed, that this was the only
debt that Rizer ever owed him, that he held the obliga-
tion at the date of the deed, and that the other three
parties were sureties for Rizer thereon. This evidence if
admissible for that purpose satisfactorily proves that this
claim was the one intended by the grantor to be provided
for in the deed of trust, and that it is the only one to
which the description contained in that instrument could
apply. And that such evidence is admissible, in a case
like the present, for that purpose, is we think fully sus-
tained by the authority referred to in the opinion of the
Circuit Court. *Pierce vs. Parker,* 4 *Metcalf,* 80. The
inaccuracy of description in the deed ought not to defeat
the claim. The case is unlike that of *Whitfoerd vs.
Munroe,* 17 *Md.,* 135. There the note sued on purported
to be signed by Harrison and Munroe as joint makers, and
the defence of Munroe was that his name to it had been
forged by Harrison. The plaintiff offered in evidence a
deed of trust executed by Harrison, and alleged to have been
procured by Munroe, which professed to secure Munroe and
Benton on certain notes drawn by Harrison and endorsed
by them, for the purpose of showing that Munroe had
ratified the signature of his name by Harrison to the note
sued on, and it was contended that *on the face of the deed
itself* one of the notes therein mentioned was the same as
the one in suit. But the Court held there was such a
variance between the one sued on and the one described in
the deed, as to prevent the latter from being *itself evidence*

of the recognition by Munroe of his liability as contended for by the plaintiff.   That was all the Court decided on that subject, and no point was made or determined as to the admissibility of parol evidence to connect the note in question with the one described in the deed.   On the contrary the Court was careful to abstain from expressing any opinion upon the question whether the holder of the note would be entitled to participate in the fund derived from a sale of the property mentioned in the deed.

For these reasons we are of opinion there was no error in allowing this claim of Thrush, and the orders appealed from will therefore be affirmed.

*Orders affirmed, and*
*cause remanded.*

(Decided 3rd June, 1875.)